IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2: 18-cv-02218-JAR-TJJ |
| v. ) ) | **1ST AMENDED** COMPLAINT |
| ) | |
| SIMMONS SECURITY AND PROTECTION SERVICES, INC., ) ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy and provide appropriate relief to Lakisha Cole. As alleged with greater particularity below, Defendant Simmons Security and Protection Services, Inc., hired Cole in December 2016 and then placed her on unpaid leave on or about January 3, 2017 because she was pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Kansas.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Simmons Security and Protection Services, Inc., ("Simmons Security") has continuously been doing business in the State of Kansas and has continuously had at least 15 employees.

6. At all relevant times, Simmons Security has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. On January 12, 2017, Lakisha Cole filed a charge of discrimination with the Commission alleging that Simmons Security violated Title VII by discriminating against her because she was pregnant.

8. On September 20, 2017, the Commission issued to Simmons Security a Letter of Determination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Simmons Security to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Simmons Security a conciliation agreement that was acceptable to the Commission.

11. On December 8, 2017, the Commission issued a Notice of Failure of Conciliation to Simmons Security.

12. Additional conciliation efforts were made in February and March 2018 but those efforts also failed.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. On November 30, 2016, Lakisha Cole, a woman, applied for a part-time position as an unarmed security guard at Simmons Security, a position for which she was qualified.

15. Simmons Security interviewed Cole for the position.

16. At the time Cole applied, she was approximately five and a half months pregnant.

17. During the application and hiring process, Simmons Security did not inquire whether Cole was pregnant and she did not inform Simmons Security of her pregnancy.

18. Simmons Security hired Cole for an unarmed security guard position and she reported for work on December 6, 2016, to begin training.

19. Simmons Security's job description for an unarmed security guard states that the physical requirements are walking, standing, and riding a bicycle.

20. Cole was able to safely perform all of the duties of the unarmed security guard job.

21. On December 8, 2016, Simmons Security gave Cole her uniforms and equipment, and Cole started her paid job training.

22. On January 2, 2017, Angela Turner, Cole's supervisor, sent Cole a text asking Cole to report to the office.

23. When Cole arrived at the Simmons Security office on January 2, 2017, Turner asked Cole if she had any physical limitations that interfered with her ability to perform her job.

24. During their conversation on January 2, 2017, Cole told Turner that she did not have any physical limitations.

25. During their conversation on January 2, 2017, Turner asked Cole if she was pregnant.

26. During their conversation on January 2, 2017, Cole told Turner she was pregnant.

27. During their conversation on January 2, 2017, Cole told Turner her pregnancy did not affect her ability to perform her job as an unarmed security guard.

28. During their conversation on January 2, 2017, Turner told Cole that she was placing Cole on immediate unpaid leave because she was "too much of a risk."

29. During their conversation on January 2, 2017, Cole objected to Turner placing her on unpaid leave.

30. During their conversation on January 2, 2017, Turner told Cole that it was "not good" for her or her baby for Cole to work as an unarmed security guard.

31. During their conversation on January 2, 2017, Turner told Cole that she could not have pregnant women working for Simmons Security because "it is not safe."

32. During their conversation on January 2, 2017, when Turner told Cole she was placing her on unpaid leave, Cole asked Turner, "Isn't this against the law?"

33. On or about January 2, 2017, Simmons Security placed Cole on unpaid leave.

34. On January 6, 2017, Simmons Security sent a letter, signed by Angela Turner, to Cole. A true and accurate copy of the letter as received by Cole is attached as Exhibit 1.

35. The letter attached as Exhibit 1, states in part: "On 12-06-16, you signed a Condition of Employment that states 'I have no physical, learning or mental disabilities that would prevent me from performing my duties', and did not disclose that you are pregnant. . . . Simmons Security does not have any available light duty positions therefore, as of 01-02-17, you have been placed on Unpaid Leave due to physical limitations as a result of pregnancy. Simmons Security is placing you on Unpaid Leave even though you did not disclose that you are pregnant when you were hired."

36. On March 29, 2017, Cole delivered her baby.

37. About a month after Cole delivered her baby, Cole went to work as a security guard for another employer.

38. Simmons Security unlawfully terminated Cole's employment, by placing her on unpaid leave, because of her pregnancy in violation of 42 U.S.C. § 2000e-2(a)(1).

39. As a direct and proximate result of Simmons's violation of 42 U.S.C. § 2000e-2(a)(1), Cole suffered actual damages including but not limited to back pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

40. Simmons's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Cole's rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Simmons Security illegally discriminated against Cole by terminating her employment because she was pregnant in violation of 42 U.S.C. § 2000e-2(a)(1);

B. Issue a permanent injunction enjoining Simmons Security, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because she is pregnant, in violation of 42 U.S.C. § 2000e-2(a)(1);

C. Order Simmons Security to institute and carry out policies, procedures, and programs which provide equal employment opportunities for women who are pregnant and which eradicate the effects of its past and present unlawful employment practices;

D. Order Simmons Security to make Cole whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Simmons Security to make Cole whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, in amounts to be determined at trial;

F. Order Simmons Security to pay punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial;

J. Grant such further relief as the Court deems necessary and proper in the public interest;

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

## PLACE OF TRIAL

The Commission designates Kansas City, Kansas, as the place of trial.

        JAMES L. LEE
        Acting General Counsel
        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        ANDREA G. BARAN, MO Bar No. 46520
        Regional Attorney

        C. FELIX MILLER, MO Bar No. 28309
        Supervisory Trial Attorney
        Equal Employment Opportunity Commission

        1222 Spruce St., Room 8.100
        St. Louis, MO 63103
        314-539-7910
        andrea.baran@eeoc.gov
        felix.miller@eeoc.gov

        /s/ Dayna F. Deck
        DAYNA F. DECK, MO Bar No. 39033
        D. Kan. Bar No. 78505
        Senior Trial Attorney
        Equal Employment Opportunity Commission
        400 State Ave., Suite 905
        Kansas City, KS 66101
        Phone: (913) 551-5848
        Fax: (913) 551-6957
        dayna.deck@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**
        **EQUAL EMPLOYMENT OPPORTUNITY**
        **COMMISSION**